```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LATOYA PATRICK,

                Plaintiff,              OPINION

        -against-
                                        11 Civ. 3817 (MGC)

PRECISION MARBLE INC. and JOSE
OCHOA,

                Defendants.

----------------------------------X

APPEARANCES:

        LAW OFFICE OF MARTIN KANFER, ESQ.
        Attorneys for Plaintiff
        3 Northern Blvd.
        Great Neck, NY 11021

        By:  Martin Kanfer, Esq.


        BAXTER SMITH & SHAPIRO, P.C.
        Attorneys for Defendants
        200 Mamaroneck Ave.
        White Plains, NY 10601

        By:  Amy L. Schaefer, Esq.
             Sim R. Shapiro, Esq.
             Jennifer Warycha, Esq.
```

**Cedarbaum, J.**

The defendants in this negligence action seek permission to move for summary judgment on the basis that New Jersey's "verbal threshold" rule renders plaintiff Latoya Patrick ineligible to recover in tort unless she has suffered a serious injury. This argument was thoroughly briefed in defendants' June 19, 2013 Memorandum of Law and discussed at some length during the March 12, 2014 status conference. Because the relevant statutory language is clear, further treatment of the issue is unnecessary, and defendants' request is futile.

Application of the verbal threshold statute requires <u>both</u> that the plaintiff be a person "subject to [that] subsection" <u>and</u> that the defendant's vehicle be an "automobile." N.J. Stat. Ann. § 39:6A-8(a). Precision Marble's commercial tractor trailer is not an "automobile" as the statute defines that term. N.J. Stat. Ann. § 39:6A-2. Therefore, the verbal threshold rule does not apply.

The "deemer statute" upon which defendants rely, N.J. Stat. Ann. § 17:28-1.4, does not alter this conclusion. That section, which defendants rightly characterize as focusing "on the plaintiff's status," Def.'s Mem. at 9, merely designates certain victims as "subject to" the verbal threshold rule. It does not alter the substance of that rule by nullifying § 39:6A-8(a)'s defendant-focused "automobile" requirement.

Accordingly, plaintiff is not required to prove serious injury in order to proceed to trial.

SO ORDERED.

Dated:   New York, New York
         April 23, 2014

S/_____
         MIRIAM GOLDMAN CEDARBAUM
         United States District Judge